Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Charles R. Dean
Lizabeth L. Dean
aka Lizabeth L Hartung–Dean**
   Debtor(s)

Bankruptcy Case No.: 16–20727–GLT
Issued Per 4/27/2017 Proceeding
Chapter: 13
Docket No.: 41 – 7
Concil. Conf.: April 27, 2017 at 11:00 AM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated March 2, 2016 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $1,960.00 as of May, 2017. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Apr. 27, 2017 at 11:00 AM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☒ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Claim No. 8 of Wilmington Trust, Claim No. 3 of PGH CIty & SD (EIT) and Claim No. 2 of PWSA .

☐ H.   Additional Terms:

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

*[signature]*
Gregory L. Taddonio, Judge
United States Bankruptcy Court

Dated: April 27, 2017

cc:   All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

```
In re:                                                                  Case No. 16-20727-GLT
Charles R. Dean                                                         Chapter 13
Lizabeth L. Dean
        Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0315-2          User: dbas              Page 1 of 2            Date Rcvd: Apr 27, 2017
                              Form ID: 149            Total Noticed: 23
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 29, 2017.
```
db/jdb         +Charles R. Dean,    Lizabeth L. Dean,    1129 Greenfield Avenue,    Pittsburgh, PA 15217-2930
cr             +Peoples Natural Gas Company, LLC,    Attn: Dawn Lindner,    225 North Shore Drive,
                 Pittsburgh, PA 15212-5861
14189843       +AAS Debt Recovery,    P.O. Box 129,    Monroeville, PA 15146-0129
14213548       +City and School District of Pittsburgh,    c/o Goehring Rutter & Boehm,
                 437 Grant Street, 14th Floor,    Pittsburgh, PA 15219-6101
14189844       +Convergent Outsourcing,    P.O. Box 9004,    Renton, WA 98057-9004
14189845       #+Debt Recovery Solutions,    900 Merchants Con Suite 106,    Westbury, NY 11590-5114
14189846        #ECMC,   1 Imation Place,    Building 2,   Oakdale, MN 55128-3422
14189847       +Fay Financial,    939 W. North Avenue,    Chicago, IL 60642-7138
14189848       +Fay Servicing,    P.O. Box 619063,    Dallas, TX 75261-9063
14189849       +Fay Servicing LLC,    440 S. LaSalle Street,    20th Floor,   Chicago, IL 60605-1028
14189850       +First National Bank,    4140 East State Street,    Hermitage, PA 16148-3401
14189851       +JPMC Specialty Mortgage/ Chase,    3415 Vision Drive,    Columbus, OH 43219-6009
14189852       +KML Law Group,    Mellon Independence Center Suite 5000,    701 Market Street,
                 Philadelphia, PA 19106-1538
14235899        Navient Solutions, Inc.,    PO BOX 9640,   Wilkes-Barre, PA 18773-9640
14251555       +Peoples Natural Gas Company, LLC,    225 N. Shore Drive,   Pittsburgh, PA 15212,
                 Attention: Dawn Lindner 15212-5861
14213546       +Pittsburgh Water & Sewer Authority,    c/o Goehring Rutter & Boehm,
                 437 Grant Street, 14th Floor,    Pittsburgh, PA 15219-6101
14257183       +Porania LLC,    c/o Biltmore Asset Management,    24500 Center Ridge Rd Ste 472,
                 Westlake, OH 44145-5605
14257611       +Wilmington Trust, N.A., Trustee (See 410),    c/o Fay Servicing, LLC,    Bankruptcy Department,
                 939 W. North Avenue Suite 680,    Chicago, Illinois 60642-1231
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr              E-mail/PDF: rmscedi@recoverycorp.com Apr 28 2017 01:09:10
                 Recovery Management Systems Corporation,    25 S.E. Second Avenue,   Suite 1120,
                 Miami, FL  33131-1605
14205448        E-mail/Text: ally@ebn.phinsolutions.com Apr 28 2017 12:40:22      Ally Financial f/k/a GMAC,
                 PO Box 130424,   Roseville MN 55113-0004
14257606       +E-mail/Text: DQENOTICES@BERNSTEINLAW.COM Apr 28 2017 12:41:10      Duquesne Light Company,
                 c/o Peter J. Ashcroft,,    Bernstein-Burkley, P.C.,,    707 Grant St., Suite 2200, Gulf Tower,,
                 Pittsburgh, PA 15219-1945
14189853       +E-mail/PDF: pa_dc_claims@navient.com Apr 28 2017 01:03:31     Navient,    P.O. Box 9655,
                 Wilkes Barre, PA 18773-9655
14287452        E-mail/PDF: rmscedi@recoverycorp.com Apr 28 2017 01:09:10
                 Recovery Management Systems Corporation,    25 S.E. 2nd Avenue, Suite 1120,
                 Miami, FL  33131-1605
                                                                                              TOTAL: 5
```

```
               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              City and School District of Pittsburgh
cr              Duquesne Light Company
cr              Pittsburgh Water & Sewer Authority
cr              WILMINGTON TRUST, NATIONAL ASSOCIATION, Et Al...
                                                                                             TOTALS: 4, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 29, 2017                              Signature:  /s/Joseph Speetjens

```
District/off: 0315-2          User: dbas              Page 2 of 2            Date Rcvd: Apr 27, 2017
                              Form ID: 149            Total Noticed: 23
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 27, 2017 at the address(es) listed below:

```
          Andrew F Gornall    on behalf of Creditor    WILMINGTON TRUST, NATIONAL ASSOCIATION, Et Al...
           agornall@goldbecklaw.com,  bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
          Christian M Rieger    on behalf of Joint Debtor Lizabeth L. Dean chris@pauldanielslaw.com,
           paul@pauldanielslaw.com
          Christian M Rieger    on behalf of Debtor Charles R. Dean chris@pauldanielslaw.com,
           paul@pauldanielslaw.com
          James   Warmbrodt    on behalf of Creditor    WILMINGTON TRUST, NATIONAL ASSOCIATION, Et Al...
           bkgroup@kmllawgroup.com
          Jeffrey R. Hunt    on behalf of Creditor    Pittsburgh Water & Sewer Authority jhunt@grblaw.com,
           cnoroski@grblaw.com
          Jeffrey R. Hunt    on behalf of Creditor    City and School District of Pittsburgh jhunt@grblaw.com,
           cnoroski@grblaw.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
           ckutch@ecf.courtdrive.com;pashcroft@ecf.courtdrive.com;pghecf@bernsteinlaw.com;cabbott@ecf.courtd
           rive.com
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
          S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company, LLC sjw@sjwpgh.com,
           srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
                                                                                             TOTAL: 10
```